**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

BURGESS PIGMENT COMPANY,

        Plaintiff,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY,

        Defendant.

Case No. 5:25-cv-00309

## SCHEDULING AND DISCOVERY ORDER

The parties held a Rule 26(f) conference on Monday March 30, 2026. In accordance with the Court's Rules 16 and 26 Order dated March 11, 2026, the parties to this action conferred and jointly developed this Proposed Scheduling and Discovery Order (the "Proposed Order") containing deadlines and limitations as follows:

**I.    Nature of the Case:**

This is an action by Burgess Pigment Company ("Burgess") against the United States Environmental Protection Agency ("EPA") seeking declaratory and injunctive relief to prevent disclosure of information that Burgess contends is protected confidential business information under the Toxic Substances Control Act ("TSCA").

The dispute arises from EPA's determination, made pursuant to TSCA Section 14(g), 15 U.S.C. § 2613(g), that it will publicly release the identity of a chemical substance reported by Burgess, on the grounds that the substance is no longer entitled to confidential treatment due to Burgess's failure to file a form required under regulations promulgated under TSCA Section 8(b)(4) ("the Active/Inactive Rule").

Burgess contends that this case presents unique circumstances in that the 2017 Active/Inactive Rule presented a one-time filing requirement that was new to Burgess and distinct from the notices typically filed by the company under the Chemical Data Reporting ("CDR") requirements under TSCA. Rather than the reporting required every four years, this filing requirement related to EPA's efforts to update the TSCA Inventory ("Inventory") and compile a current Inventory of chemicals in active use as required by Congress. Burgess contends it was unaware of the requirement and did not file the required form by the prescribed deadline. Burgess contends that once it was made aware of the deficiency, following EPA's 2020 denial of Burgess's CBI claim from its 2016 CDR report, Burgess attempted to correct that failure by emailing an edited PDF version of the required form outside of EPA's TSCA reporting system, because it had closed to new submissions nearly two years earlier. EPA contends that because the unsolicited form was not timely filed in EPA's TSCA reporting system, EPA did not consider Burgess's late filing attempt and later reaffirmed the denial of Burgess's 2016 CBI claim and denied the CBI claim in its 2020 CDR report for the same substance.

EPA and Burgess communicated about the missed filing and the confidentiality determinations. For various reasons, EPA has not yet released Burgess's confidential information on its public-facing Inventory. Burgess maintains that it has treated and preserved the confidentiality of the relevant chemical identity since its discovery in 1948. Burgess has continued to submit claims for confidential treatment along with its required CDR submissions, including in 2024, when its claim was again denied only because of Burgess's failure to submit the notice required by the 2017 Active-Inactive Rule. *See* Dkt. 24, ¶ 89.

Burgess's complaint asserts a claim under the Administrative Procedure Act ("APA"), seeking review of EPA's confidentiality determination as a final agency action reviewable under

2

5 U.S.C. § 704 and 15 U.S.C. § 14(g)(2)(D). *See* Dkt. No. 1 at 11. EPA submits that because TSCA Section 14(g)(2)(D)(i) provides for judicial review of decisions that business information is not entitled to confidentiality, the APA does not provide a cause of action for Burgess's claim. *See* Dkt. No. 16-1 (Motion to Dismiss) at 14 n.6. EPA further submits that regardless of whether this action is governed by TSCA Section 14(g) or the APA, Burgess is seeking review of final agency action by EPA and, as such, this case should be resolved based on the administrative record and is thus exempt from Local Rule 26's requirements regarding a discovery plan and order. *See* Local Rule 26(C); *see also* Fed. R. Civ. P. 26(a)(1)(B)(i). However, EPA agrees that it is helpful to provide a case management report to identify deadlines for any amendment of the pleadings, production of the administrative record, and dispositive motion briefing.

Burgess asserts that the legal issues to be decided include whether EPA's 2024 confidentiality determination and intended disclosure under TSCA are lawful under the Administrative Procedure Act; whether the information protected by Burgess's confidentiality claims remains entitled to protection notwithstanding its failure to timely submit notice under the 2017 Active/Inactive Rule; whether EPA acted arbitrarily and capriciously in denying Burgess's 2024 confidentiality claim; and whether Burgess is entitled to declaratory and injunctive relief restraining disclosure.

EPA contends that Burgess's claim is an untimely challenge to EPA's determination that Burgess's failure to file a notice in response to the 2017 Active/Inactive Rule resulted in the chemical identity not being entitled to confidential treatment. EPA further contends that even if Burgess had timely challenged EPA's decision, EPA was statutorily required to deny Burgess's CBI claim and move the chemical to the nonconfidential portion of the list because Burgess did not timely file the required notice.

## II.    Counsel of Record:

The following individually-named attorneys are designated as lead counsel for the parties:

Burgess: Meaghan Boyd; 1201 West Peachtree Street, Atlanta, GA 30309; Tel: 404-881-7000; Fax: 404-881-7777; meaghan.boyd@aslton.com.

EPA: Kristen Sarna; P.O. Box 7611, Washington D.C. 20044; Tel: 202-532-3315; Fax: 202-514-8865; kristen.sarna@usdoj.gov.

## III.    Complaint and Answer filing dates:

Complaint was filed: July 18, 2025

Answer was filed: March 25, 2026

## IV.    Discovery Deadlines

### A.  Time for Discovery

As noted above, EPA contends that because this action seeks review of a final agency action, the scope of this Court's review should be limited to the administrative record compiled and certified by EPA. *See Dickinson v. Zurko*, 527 U.S. 150, 154 (1999) (holding that, in the absence of a statutory exception, a court reviewing agency action "must apply the APA's . . . review standards" in 5 U.S.C. § 706 in recognition of "the importance of maintaining a uniform approach to judicial review of administrative action"). *See also* 5 U.S.C. § 706 (directing that a court's review of agency action is based on "review of the whole record or those parts of it cited by a party").

The parties propose the following schedule regarding EPA's production of the administrative record and any motion practice related to the record for review:

| | |
|---|---|
| May 25, 2026: | EPA shall lodge the certified index to the administrative record and produce a copy of the record to Burgess and the Court. |
| June 24, 2026: | The parties will meet and confer regarding any asserted gaps in the record. |

4

July 9, 2026:            Deadline for Motions to Supplement/Complete the Administrative Record or for Consideration of Extra-Record Materials.[1]

Absent any motions to supplement/complete the administrative record or for consideration of extra-record materials, the time for discovery in this case shall expire July 9, 2026, that being no more than 180 days after the submission of the Proposed Order to the Court. If Burgess prevails on a motion to supplement/complete the record or for consideration of extra-record materials and it becomes necessary to revise the scheduling and discovery order, the parties will file a motion to obtain the court's approval.

## B.  Scope of Discovery

In accordance with Local Rule 26(c)(2), Fed. R. Civ. P. 26(a)(1)(B)(i) and 26(f), the parties agree that the Court's review will be limited to the administrative record unless the Court grants a motion for consideration of extra-record evidence. In the event Burgess identifies any materials it believes were omitted from the administrative record, Burgess will identify such materials to EPA. In addition, if Burgess identifies extra-record evidence that it believes should be considered by the Court, Burgess will move for consideration of such extra-record materials.

## C.  Electronically Stored Information

In accordance with Local Rule 26(c)(2), Fed. R. Civ. P. 26(a)(1)(B)(i) and 26(f), this portion of the Scheduling and Discovery Order is inapplicable. In the event that Burgess prevails in a motion for consideration of extra-record materials or discovery, the parties will file a motion to obtain the court's approval and revise the scheduling and discovery order if necessary.

---

[1] Though inconsistent in their terminology, courts have distinguished between "completing" the administrative record with documents that were allegedly improperly excluded from the administrative record and "supplementing" the record with extra-record evidence. *See, e.g.*, *WildEarth Guardians v. U.S. Forest Serv.*, 713 F. Supp. 2d 1243, 1253 n.5 (D. Colo. 2010) (discussing inconsistency in terminology).

**D.  Privilege Claims**

In accordance with Local Rule 26(c)(2), Fed. R. Civ. P. 26(a)(1)(B)(i) and 26(f), this portion of the Scheduling and Discovery Order is currently inapplicable. In the event that Burgess prevails in a motion for consideration of extra-record materials or discovery, the parties will file a motion to obtain the court's approval and revise the scheduling and discovery order if necessary.

**E.  Witnesses to be Deposed**

In accordance with Local Rule 26(c)(2), Fed. R. Civ. P. 26(a)(1)(B)(i) and 26(f), this portion of the Scheduling and Discovery Order is currently inapplicable. In the event that Burgess prevails in a motion for consideration of extra-record materials or discovery, the parties will file a motion to obtain the court's approval and revise the scheduling and discovery order if necessary.

**F.  Expert Witnesses**

In accordance with Local Rule 26(c)(2), Fed. R. Civ. P. 26(a)(1)(B)(i) and 26(f), this portion of the Scheduling and Discovery Order is currently inapplicable. In the event that Burgess prevails on a motion for consideration of extra-record materials or discovery, the parties will file a motion to obtain the court's approval and revise the scheduling and discovery order if necessary.

**G.  Discovery Limitations or Need for Protective Order**

The parties agree that the Court's review in this matter will be confined to the administrative record in accordance with the Administrative Procedure Act and Local Rules unless the Court grants a motion for consideration of extra-record materials. As noted above, in the event Burgess identifies any materials it believes have been omitted from the administrative record, Burgess will identify such materials to EPA. In addition, if Burgess identifies extra-record evidence that it believes the Court should consider, Burgess will move for consideration of such extra-record materials.

If the Court would prefer EPA file the entire administrative record with the Court, rather than filing the certified index and transmitting the records documents to the Court and opposing counsel using flash drives, the parties will confer with each other and the Court on procedure for maintaining the confidential treatment of any confidential information contained in those records, including pertaining to Burgess's CBI at issue in this case. If the Court requires that the documents be filed with the Court in unredacted form, the parties will make a good faith effort to submit a proposed protective order for approval by the Court by the date the record is to be filed or as soon thereafter as practicable.

### H. Discovery Disputes

After conferring and before moving for an order relating to completing the administrative record or extra-record discovery, including motions to compel or contested motions for protective orders, the movant must contact Vanessa Siaca, Courtroom Deputy (478.752.2603 or vanessa_siaca@gamd.uscourts.gov) to request a telephone conference with the Court.

## V.   Time for Filing Motions

### A. Motions to Amend the Pleadings or to Join Parties

All motions seeking to amend the pleadings or to join parties must be filed no later than June 9, 2026, that being no more than 60 days after the entry of this Scheduling and Discovery Order.

### B. Dispositive Motions

August 10, 2026: Burgess will file its Motion for Summary Judgment no more than 30 days after the deadline to file a motion to correct the record or consider extra-record materials or 30 days after the date on which the Court issues an order on any such motion. If Burgess prevails on a motion to complete/supplement the record or for consideration of extra-record materials or discovery and it becomes necessary to revise the scheduling and discovery order, the parties will file a motion to obtain the court's approval.

7

September 9, 2026:     EPA shall file its combined Opposition and Cross Motion for Summary Judgment.

October 9, 2026:      Burgess shall file its Opposition to EPA's Cross Motion for Summary Judgment and Reply in support of its Motion for Summary Judgment.

October 23, 2026:     EPA shall file its Reply in support of its Motion for Summary Judgment.

Consistent with Local Rule 7.4, Burgess's motion for summary judgment shall be no longer than twenty pages. EPA's opposition and cross motion for summary judgment shall be no longer than forty pages. Burgess's opposition and reply shall be no longer than thirty pages. EPA's reply shall be no longer than ten pages.

### C. *Daubert* **Motions**

In accordance with Local Rule 26(c)(2), Fed. R. Civ. P. 26(a)(1)(B)(i) and 26(f), this portion of the Scheduling and Discovery Order is currently inapplicable. In the event that Burgess prevails on a motion for consideration of extra-record materials or discovery, the parties will file a motion to obtain the court's approval and revise the scheduling and discovery order if necessary.

### VI.    **Certification of the Parties and Counsel**

The Parties, by the signature of counsel below, certify they have conferred and discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case, pursuant to Local Rule 26(a).

Counsel further certify they have read the Court's Rules 16 and 26 Order. All counsel of record shall digitally sign below.

[signatures on following page]

8

Respectfully submitted this 10th day of April, 2026

By: /s/ *Meaghan G. Boyd*
Meaghan G. Boyd
Georgia Bar No. 142521
meaghan.boyd@alston.com

ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: 404-881-7000
Facsimile: 404-881-7777

*Counsel for Plaintiff Burgess
Pigment Company*

By: /s/ *Kristen Sarna*
Kristen Sarna
DC Bar No. 90018405
kristen.sarna@usdoj.gov

United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 532-3315
Facsimile: (202) 514-8865

*Counsel for Defendant United States
Environmental Protection Agency*

The Court, having reviewed the information contained in the Proposed Scheduling and

Discovery Order completed and filed jointly by the parties to this action, hereby **ADOPTS** the

parties' plan and **MAKES IT THE ORDER OF THE COURT**.

**SO ORDERED,** this __13th__ day of __April__, __2026__.

s/Tilman E. Self, III
_____
Tilman E. Self, III, Judge
United States District Court